UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIA LORENZ,

      Petitioner,

Case No.

v.

BENJAMIN LORENZ,

      Respondent.

---

HERTZ SCHRAM PC
Lisa D. Stern (P53804)
Matthew J. Turchyn (P76482)
Counsel for Petitioner
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
lstern@hertzschram.com
mturchyn@hertzschram.com

---

**PETITION FOR RETURN OF CHILDREN
PURSUANT TO THE HAGUE CONVENTION**

This petition is made pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.*

Petitioner, Cornelia Lorenz ("Petitioner"), by her attorneys Hertz Schram PC, brings this Petition against Respondent Benjamin Lorenz ("Respondent"), for return of the Petitioner's two minor children Timothy Adam Lorenz, born June 10, 2009 in Southfield, MI, USA and Noah Benjamin Lorenz, born January 11, 2011 in

Southfield, MI, USA, pursuant to The Convention on the Civil Aspects of International Abduction done at the Hague on October 25, 1980 (the "Hague Convention" and 22 U.S.C. § 9001, et seq. The International Child Abduction Remedies Act ("ICARA"). The Petitioner states as follows:

### INTRODUCTION

1.   The objects of the Hague Convention are (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of on Contracting State are effectively respected in other Contracting States. The United States and Germany, where petitioner and her two minor sons reside, are Contracting States to the Hague Convention.

2.   Pursuant to ICARA, a Petition shall be filed in a court "which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed."   22 U.S.C. § 9003(b). According to the information provided by Respondent, the children are currently residing at 9335 Caprice Drive, Plymouth, MI. 48170.

3.   Decision of an abduction claim under the Hague Convention does not involve determining the custody of the minor children, which remains governed by German law, pursuant to Article 19 of the Hague Convention and/or 22 U.S.C. § 9001 (b)(4)

4. Petitioner has a right of custody of the children, Timothy and Noah, under Articles Three and Five of the Hague Convention, in that Petitioner is the natural mother of Timothy and Noah, and German law grants her as a natural parent the right of custody over her children for purposes of the Hague Convention.

5. The Petitioner, at the time of Timothy and Noah's wrongful removal and retention, was exercising custody of them within the meaning of Articles Three and Five of the Hague Convention.

6. The Petitioner, at the time of her application to the U.S. Department of State, In the Office of Children's Issues, was located in Germany, and continues to be located there. (**Exhibit 1, Request for Return**.)

7. Timothy and Noah were habitually residents of Germany within the meaning of Article Three of the Hague Convention immediately before their removal from Germany by the Respondent.

### JURISDICTION AND VENUE

8. This Court has jurisdiction under ICARA § 9003(a) and (b) because: (a) the United States district courts have concurrent original jurisdiction (along with the courts of the States) over claims made under the Hague Convention; and (b) the children at issue here are currently physically located within the Eastern District of Michigan.

9. Venue is proper in this Court under 22 U.S.C. § 9003(b) because, upon information and belief, the children at issue in this case are located in this District at the time this petition is filed.

**REMOVAL AND WRONGFUL RETENTION OF THE CHILDREN BY RESPONDENT**

10. Timothy was born on June 10, 2009, in Southfield, MI, USA. At that time, the Petitioner and Respondent were married, and Respondent was present at his birth. Noah was born on January 11, 2011, in Southfield, MI, USA. At that time, the Petitioner and Respondent were married, and Respondent was present at his birth.

11. Timothy and Noah have always lived together with both parties. Up until January 5, 2014 the family lived in Plymouth, MI. From January 6, 2014 until the present day the family has been living in Bergrheinfeld, Germany. The children have had all of their schooling in Germany starting from pre-school to Kindergarten up to 3rd and 5th grade, respectively. Noah would have started 4th grade this school year and Timothy would have started 6th grade.

12. Respondent started working for ZF North America in Northville, MI in October 2013 and received an expat contract to come to Schweinfurt, Germany for 2-3 years to work for the company in Schweinfurt. He resigned from the company in October 2015 and started a new job with Autodesk in Munich, which lasted until February 2016 as the company underwent corporate restructuring and he was laid

4

off. In October 2016, he started participation in a master's degree program in Biomedical Engineering in the state of Saxony-Anhalt, which he completed in January 2020. From October 2016 through December 2017, he was gone during the week attending lectures and came back home on weekends. During that time, he decided to start his own business. Hence, he travelled a lot in 2018 and 2019 (mostly in the US) and was gone many weeks and months at a time. The children lived the entire time in Germany. The entire family visited the US during Thanksgiving 2014, my husband took each child one time by himself to the US in 2015, the kids visited the USA during summer vacation in 2018, 2019 and 2020.

13. Beginning of June 2020, Respondent asked Petitioner for permission to take Timothy and Noah to the United States to visit with relatives in Michigan and Tennessee where members of Respondent's family live. Petitioner agreed to a visit lasting from July 21, 2020 to September 5, 2020.

14. On September 5, 2020 Respondent did not return Timothy and Noah to Petitioner in Germany, as expected. At that time, Petitioner contacted Respondent and informed him that he was in violation of the parties' agreement.

15. On October 26, 2020 Petitioner sought a temporary order on custody from the German court. A ruling will be expected within the next few months.

16. To date, Respondent refuses to return the children to Germany.

5

17.     Based on the foregoing, on September 5, 2020, Respondent wrongfully retained Timothy and Noah in the United States, preventing their previously planned return to Germany following a visit with Grandparents, within the meaning of Article Three of the Hague Convention, and continues to wrongfully retain the children in the United States despite efforts by the Petitioner to have the children returned.

18.     Respondent's retention of the children in the United States on and after September 5, 2020 was wrongful under the Hague Convention.

19.     Immediately upon realizing that Respondent refuses to return Timothy and Noah, Petitioner began contacting Respondent by phone and text demanding their return. Respondent repeatedly declined to return the children.

20.     On September 7, 2020 Petitioner contacted a lawyer in Germany to report that the children had been abducted by their father to the United States.

21.     On September 15, 2020 Petitioner filed an application with the Hague Convention Central Authority in Germany seeking the return of the children.

22.     Upon information and belief, the children are presently in the State of Michigan, County of Wayne, staying with Respondent at his residence at 9335 Caprice Drive, Plymouth, Michigan 48170.

23.     Petitioner requests the that this Court order that the children, Timothy and Noah, be immediately returned to the Petitioner and find that the Respondent's

retention of the children in the United States since September 5, 2020 was wrongful under Article 3 of the Hague Convention.

### NOTICE OF HEARING

24. Pursuant to 22 U.S.C. § 9003(c), Respondent shall be given notice of the hearing in this matter pursuant to the Michigan Uniform Child Custody Jurisdiction and Enforcement Act, MCL 722.1108 and the laws of the State of Michigan.

### ATTORNEY FEES AND COSTS
### (CONVENTION ARTICLE 26 AND/OR 22 U.S.C. 9007)

25. Pursuant to Convention Art. 26 and/or 22 U.S.C. § 9007(h)(3), Petitioner requests that this Court award to Petitioner all costs and fees incurred as a result of Respondent's wrongful retention of the children. Petitioner shall furnish an itemization of those expenses as a condition once relief is ordered.

WHEREFORE, Petitioner requests that this Court:

- enter a final judgment in Petitioner's favor requiring that the children at issue in this case be returned to their habitual residence in Germany, where an appropriate custody determination can be made by a German court;

- award Petitioner her costs incurred in pursuing this action under 22 U.S.C. § 9007, including legal fees; and

- grant any other relief that this Court deems appropriate.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

*[signature]*
CORNELIA LORENZ

                      Respectfully submitted,

                      Hertz Schram PC

By:   */s/ Lisa D. Stern*
       Lisa D. Stern (P53804)
       Matthew J. Turchyn (P76482)
       Counsel for Respondent
       1760 S. Telegraph Road, Suite 300
       Bloomfield Hills, MI 48302
       (248) 335-5000
       lstern@hertzschram.com
       mturchyn@hertzschram.com

Dated: November 24, 2020