# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF
## MICHIGAN SOUTHERN DIVISION

**CORNELIA LORENZ,**

    Petitioner

**v.**

**BENJAMIN LORENZ,**

    Respondent.

**CASE #: 2:20-cv-13128-PDB-KGA**

**Assigned to:**
**District Judge Paul D. Borman**
**Referred to:**
**Magistrate Judge**
**Kimberly G. Altman**

HERTZ SCHRAM PC
Lisa D. Stem (P53804)
Matthew J. Turchyn (P76482)
Counsel for Petitioner
1760 S. Telegraph Road,
Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
lstem@hertzschram.com
mturchyn@hertzschram.com

NICHOLS, SACKS, SLANK,
SENDELBACH, BUITEWEG &
SOLOMON, P.C.
Lori A. Buiteweg (P-44120)
Attorney for Respondent
121 W. Washington St., Suite 300
Ann Arbor, MI  48104
(734) 994-3000
(734) 994-1557 Fax
buiteweg@nsssb.com

## RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSE TO PETITION OR RETURN OF CHILDREN PURSUANT TO THE HAGUE CONVENTION

Respondent Benjamin Lorenz, by and through his attorneys,

Nichols, Sacks, Slank, Sendelbach, Buiteweg & Solomon, P.C.,

avers:

1

## INTRODUCTION

1.     The objects of the Hague Convention are (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of on Contracting State are effectively respected in other Contracting States. The United States and Germany, where petitioner and her two minor sons reside, are Contracting States to the Hague Convention.

**RESPONSE:    Respondent denies the allegation because the minor children are natural born citizens and permanent residents of the United States and were temporarily in Germany, having now returned to their home state: (a) Petitioner has been a naturalized American citizen since 2012; (b) both children were born in the United States; (c) the parties have owned a home in Plymouth, Michigan since 2004, where Respondent and the children reside; (d) Petitioner's allegations are spawned by her relatively new desire to permanently remain in Germany and a romantic**

**relationship with a third party there; (e) the children attend Plymouth-Canton schools; (f) the Respondent maintains a Michigan driver's license; (g) both parties voted in the United States Presidential Election of 2016, Respondent voted in the United States Presidential Election of 2020 (it is unknown whether Petitioner did so); (h) the parties file tax returns in the United States and Michigan; (i) Respondent has never had permanent residency status in Germany; (j) the parties lived temporarily in Germany due to a two-year assignment with Respondent's then-employer, never having intended to remain there permanently; and (k) during the family's temporary residence in Germany, they returned together and separately to the United States many times; (l) the parties maintained relationships with friends and family in the United States.**

2.      Pursuant to ICARA, a Petition shall be filed in a court "which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed." 22 U.S.C. §

9003(b). According to the information provided by Respondent, the children are currently residing at 9335 Caprice Drive, Plymouth, MI. 48170.

> **RESPONSE:  Respondent admits the children reside in the marital home at 9335 Caprice Drive, Plymouth, MI 48170. Respondent denies this Court has jurisdiction under ICARA because the children are habitual residents of the United States and this matter belongs in state court[1].**

3.    Decision of an abduction claim under the Hague Convention does not involve determining the custody of the minor children, which remains governed by German law, pursuant to Article 19 of the Hague Convention and/or 22 U.S.C. § 9001 (b)(4)

> **RESPONSE:  Respondent admits that decision of an abduction claim does not involve determining the**

---

[1] A Complaint for Initial Custody Determination under UCCJEA was filed in the Wayne County Circuit Court, Case No. 20-108979-DC, Hon. Charlene M. Elder, by Respondent. Without a hearing to determine the fact-sensitive issue of a child's habitual residence or whether the children's absence from the United States was temporary or permanent, the Court dismissed the case for lack of jurisdiction simply because the children had not resumed living in Michigan for six months at the time of filing: that decision is in the process of being appealed to the Michigan Court of Appeals by the law firm of Liisa Speaker, J.D.

**custody of the minor children. Respondent denies custody should be determined by the German courts because jurisdiction is proper in Wayne County, Michigan (*see, FN #1*).**

4.      Petitioner has a right of custody of the children, Timothy and Noah, under Articles Three and Five of the Hague Convention, in that Petitioner is the natural mother of Timothy and Noah, and German law grants her as a natural parent the right of custody over her children for purposes of the Hague Convention.

**RESPONSE:  Respondent neither admits nor denies the accuracy of this recitation of German law, and denies German law applies because the minor children are permanent residents of the United States of America, and Michigan law should control the determination of the parents' custodial rights.**

5.      The Petitioner, at the time of Timothy and Noah's wrongful removal and retention, was exercising custody of them within the meaning of Articles Three and Five of the Hague Convention.

**RESPONSE:     Respondent denies the allegation because the minor children were not wrongfully removed or retained from Germany because Germany is not their habitual residence, as evidenced by the totality of the circumstances, including the children's complete acclimatization to the United States before, during, and after their temporary stay in Germany, and a consent agreement (*See Exhibit A)* freely signed by Petitioner granting Respondent the right to travel alone to Michigan with the minor children and leaving the return date "flexible." *See, e.g., Monasky v Taglieri,* 18-935 (U.S. Supreme Court March 30, 2020)**

6.     The Petitioner, at the time of her application to the U.S. Department of State, in the Office of Children's Issues, was located in Germany, and continues to be located there. (Exhibit 1, Request for Return.)

**RESPONSE:  Upon information and belief, Respondent admits the allegations in this paragraph, but does not admit the allegations in Exhibit #1, Request for Return.**

7.     Timothy and Noah were habitually residents of Germany within the meaning of Article Three of the Hague Convention immediately before their removal from Germany by the Respondent.

**RESPONSE:  Respondent denies the allegation for the reasons stated in response to Paragraph 1.**

## JURISDICTION AND VENUE

8.     This Court has jurisdiction under ICARA § 9003(a) and (b) because:

(a) the United States district courts have concurrent original jurisdiction (along with the courts of the States) over claims made under the Hague Convention; and (b) the children at issue here are currently physically located within the Eastern District of Michigan.

**RESPONSE:  Respondent denies the court has jurisdiction because the children are in the United States with their mother's written permission and the children are natural born citizens and permanent residents of the United States.**

9.      Venue is proper in this Court under 22 U.S.C. § 9003(b) because, upon information and belief, the children at issue in this case are located in this District at the time this petition is filed.

**RESPONSE:   Respondent admits the children are located in this District and denies venue is proper in this Court because this Court lacks jurisdiction as the children are permanent residents of the United States as evidenced by the totality of the circumstances including the parties' written agreement.**

### REMOVAL AND WRONGFUL RETENTION OF THE CHILDREN BY RESPONDENT

10.     Timothy was born on June 10, 2009, in Southfield, MI, USA. At that time, the Petitioner and Respondent were married, and Respondent was present at his birth. Noah was born on January 11, 2011, in Southfield, MI, USA. At that time, the Petitioner and Respondent were married, and Respondent was present at his birth.

**RESPONSE:  Respondent admits the allegations in this Paragraph.**

11.     Timothy and Noah have always lived together with both parties. Up until January 5, 2014 the family lived in Plymouth, MI. From January 6, 2014 until the present day the family has been living in Bergrheinfeld, Germany. The children have had all of their schooling in Germany starting from pre-school to Kindergarten up to 3rd and 5th grade, respectively. Noah would have started 4th grade this school year and Timothy would have started 6th grade.

**RESPONSE:  Respondent denies the allegations in this paragraph because the children attended pre-school in Livonia, Michigan before being temporarily relocated to Germany for Respondent's job. Respondent admits the remaining allegations, although for about one week in January 2014, the family lived in Schweinfurt, Germany.**

12.     Respondent started working for ZF North America in Northville, MI in October 2013 and received an expat contract to come to Schweinfurt, Germany for 2-3 years to work for the company in Schweinfurt. He resigned from the company in

9

October 2015 and started a new job with Autodesk in Munich, which lasted until February 2016 as the company underwent corporate restructuring and he was laid off. In October 2016, he started participation in a master's degree program in Biomedical Engineering in the state of Saxony-Anhalt, which he completed in January 2020. From October 2016 through December 2017, he was gone during the week attending lectures and came back home on weekends. During that time, he decided to start his own business. Hence, he travelled a lot in 2018 and 2019 (mostly in the US) and was gone many weeks and months at a time. The children lived the entire time in Germany. The entire family visited the US during Thanksgiving 2014, my husband took each child one time by himself to the US in 2015, the kids visited the USA during summer vacation in 2018, 2019 and 2020.

>**RESPONSE:  Respondent denies the allegations in this paragraph: (a) his contract was for two years; (b) his job at Autodesk was a work-from-home job and he was paid through March 2016; (c) his master's degree was completed in March 2020; (d) From October 2016 to**

mid-February 2017, Respondent was at school four days/week and home every Fri/Sat/Sun; (e) from mid-February 2017 to mid-July 2017, Respondent was at school five days/week and home on weekends;(f) once classes ended in July 2017, Respondent was home. Respondent decided to start a business at the end of August 2017 and in 2018 and 2019 traveled a lot, but never "months at a time" (at most six weeks). In each of 2018 and 2019, the minor children were in the United States for five weeks, and the children spent their full summer breaks in the United States (without Petitioner in 2018 and for only two weeks in 2019). In the summer of 2018, the children started expressing an interest in not returning to Germany and did so again in 2019. They are now adamant they do not wish to return. Respondent admits he took the children to the United States for Thanksgiving in 2014 and he took the children individually to the United States in 2015. Respondent discussed the possibility of starting a

11

**business with the Petitioner in 2015 and entered graduate school in 2016 with this as a consequential possibility. Respondent and Petitioner discussed how to return to the United States, including the options of growing their intended business and using the profits to pay for the move , or obtaining employment in the United States that would pay for their move .**

13.     Beginning of June 2020, Respondent asked Petitioner for permission to take Timothy and Noah to the United States to visit with relatives in Michigan and Tennessee where members of Respondent's family live. Petitioner agreed to a visit lasting from July 21, 2020 to September 5, 2020.

**RESPONSE:   Respondent denies the allegation as untrue. (*See Exhibit A*). The parties began discussing traveling to the United States in the spring of 2020.**

14.     On September 5, 2020 Respondent did not return Timothy and Noah to Petitioner in Germany, as expected. At that time, Petitioner contacted Respondent and informed him that he was in violation of the parties' agreement.

**RESPONSE:  Respondent admits he did not return the children to Germany on September 5, 2020 and states that Petitioner removed Respondent's evidence of paternity and a home in Germany, making it impossible for him to do so. Petitioner's nefarious conduct could have resulted in Respondent being detained at the European Union Port of Entry in Amsterdam or Paris, and the children being stranded amidst the COVID-19 pandemic.)**

15.     On October 26, 2020 Petitioner sought a temporary order on custody from the German court. A ruling will be expected within the next few months.

**RESPONSE:  Respondent neither admits nor denies the allegations: he has not been served with German divorce or custody papers and does not know when any ruling will be made.**

16.     To date, Respondent refuses to return the children to Germany.

**RESPONSE:   Respondent admits the allegation, although he has requested mediation of a parenting**

**time schedule, to no avail. The children have continuously expressed their desire to remain with Respondent in the United States.**

17.    Based on the foregoing, on September 5, 2020, Respondent wrongfully retained Timothy and Noah in the United States, preventing their previously planned return to Germany following a visit with Grandparents, within the meaning of Article Three of the Hague Convention, and continues to wrongfully retain the children in the United States despite efforts by the Petitioner to have the children returned.

**RESPONSE:    Respondent denies the allegation as evidenced by the totality of the circumstances and Petitioner's consent agreement acknowledging the parties would live in different countries with a return date being flexible.**

18.    Respondent's retention of the children in the United States on and after September 5, 2020 was wrongful under the Hague Convention.

**RESPONSE:    Respondent denies the allegation as**

**untrue and states that any disputes over parenting time should be handled by the state court. (*See, FN 1*)**

19.    Immediately upon realizing that Respondent refuses to return Timothy and Noah, Petitioner began contacting Respondent by phone and text demanding their return. Respondent repeatedly declined to return the children.

**RESPONSE:    Respondent denies the allegation because Petitioner did not immediately demand the return of the children as evidenced by messages between them on WhatsApp.**

20.    On September 7, 2020 Petitioner contacted a lawyer in Germany to report that the children had been abducted by their father to the United States.

**RESPONSE:    Respondent neither admits nor denies the allegations for lack of information, knowledge or belief.**

21.    On September 15, 2020 Petitioner filed an application with the Hague Convention Central Authority in Germany seeking the return of the children.

**RESPONSE:  Respondent neither admits nor denies the allegations for lack of information, knowledge or belief.**

22.    Upon information and belief, the children are presently in the State of Michigan, County of Wayne, staying with Respondent at his residence at 9335 Caprice Drive, Plymouth, Michigan 48170.

**RESPONSE:  Respondent admits the allegations.**

23.    Petitioner requests the that this Court order that the children, Timothy and Noah, be immediately returned to the Petitioner and find that the Respondent's retention of the children in the United States since September 5, 2020 was wrongful under Article 3 of the Hague Convention.

**RESPONSE:  Respondent denies the relief requested is legally appropriate as the parties and minor children are permanent residents of Michigan, were temporarily absent from Michigan, jurisdiction lies in the Michigan courts, and Petitioner agreed to a flexible return date, acknowledging the parents would be living in different**

**countries.**

## NOTICE OF HEARING

24.     Pursuant to 22 U.S.C. § 9003(c), Respondent shall be

given notice of the hearing in this matter pursuant to the Michigan

Uniform Child Custody Jurisdiction and Enforcement Act, MCL

722.1108 and the laws of the State of Michigan.

**RESPONSE:  No response required.**

## ATTORNEY FEES AND COSTS (CONVENTION ARTICLE 26 AND/OR 22 U.S.C. 9007)

25.     Pursuant to Convention Art. 26 and/or 22 U.S.C. §

9007(h)(3), Petitioner requests that this Court award to Petitioner

all costs and fees incurred as a result of Respondent's wrongful

retention of the children. Petitioner shall furnish an itemization of

those expenses as a condition once relief is ordered.

**RESPONSE:  Respondent denies the requested relief**

**should be awarded.**

**WHEREFORE,** Respondent requests that this Court:

- •      Dismiss Petitioner's Complaint; and
- •      Grant any other relief that this Court deems appropriate.

17

## AFFIRMATIVE DEFENSES

1. Petitioner's claims are barred by estoppel, as evidenced by Exhibit A and her removal of paperwork necessary for Respondent to return to Germany with the minor children from Respondent's possession.

2. Respondent was not properly served: the process server's representation that papers were handed to Respondent is false. The process server left the papers on the porch of Respondent's residence.

**WHEREFORE,** Respondent respectfully requests this Honorable Court Dismiss Petitioner's Complaint for lack of proper service and/or on grounds of Estoppel, and grant Respondent any and other relief deemed proper by the Court.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

*/s/ Benjamin Lorenz*

/s/ Benjamin Lorenz (Dec 30, 2020 21:49 EST)

BENJAMIN LORENZ

Respectfully submitted,

NICHOLS, SACKS, SLANK,
SENDELBACH, BUITEWEG
& SOLOMON, P.C.

By:    */s/ Lori A. Buiteweg*
Lori A. Buiteweg (P-44120)
Counsel for Respondent
121 W. Washington St., Suite 300
Ann Arbor, MI  48104
(734) 994-3000
buiteweg@nsssb.com

Dated: December 30, 2020