UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIA LORENZ,

        Petitioner,

v.

BENJAMIN LORENZ,

        Respondent.
_____/

Case No. 20-cv-13128

Paul D. Borman
United States District Judge

Kimberly G. Altman
United States Magistrate Judge

**OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE KIMBERLY G. ALTMAN'S
MARCH 16, 2022 REPORT AND RECOMMENDATION (ECF NO. 50);
(2) OVERRULING RESPONDENT BENJAMIN LORENZ'S OBJECTIONS
(ECF NO. 52); AND
(2) GRANTING PETITIONER CORNELIA LORENZ'S MOTION TO
DISMISS (ECF NO. 45)**

On March 16, 2022, Magistrate Judge Kimberly G. Altman issued a Report and Recommendation to grant Petitioner Cornelia Lorenz's Motion for Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(2), and to dismiss the petition with prejudice because it is moot. (ECF No. 50, Report and Recommendation ("R&R").) On March 30, 2022, Respondent Benjamin Lorenz submitted a letter objection to the Court asking that the Court reject the Report and Recommendation. (ECF No. 52, Resp.'s Obj.) Petitioner Cornelia Lorenz filed a Response to Respondent's objections on April 12, 2022. (ECF No. 54, Pet.'s Resp.)

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the Report and Recommendation to which specific and timely objections have been filed, OVERRULES Respondent's Objections, ADOPTS Magistrate Judge Altman's March 16, 2022 Report and Recommendation, GRANTS Petitioner's Motion for Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(2), and DISMISSES the petition WITH PREJUDICE.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The procedural history and background facts related to Petitioner's Motion for Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(2) are set forth detail in the Magistrate Judge's Report and Recommendation and will not be repeated here in full. (*See* Report and Recommendation at pp. 2-6, PageID.565-69.) Instead, background facts and procedural history are summarized below and discussed more fully *infra* as relevant to the Court's resolution of Respondent's Objections.

On November 25, 2020, Petitioner Cornelia Lorenz filed a petition in this Court against Respondent Benjamin Lorenz seeking the return of their minor children under the Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention), which the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.*, has implemented into United States law. (ECF No.

2

1).[1] Cornelia and Benjamin share two minor children, and Cornelia alleges that the children were habitual residents of Germany within the meaning of the Hague Convention and that they were wrongfully removed from Germany to the United States by Benjamin on July 21, 2020. All pretrial matters were referred to the Magistrate Judge. (ECF No. 7.)

Concurrently with this action, Cornelia also filed an action in the Family Division of the Wayne County Circuit Court to register and enforce a Germany custody order requiring the return of the children from Michigan.

An evidentiary hearing on the Petition was scheduled for November 3, 2021 before Magistrate Judge Altman. (ECF No. 40.) On October 25, 2021, the Magistrate Judge held a telephonic status conference at which counsel for both parties requested a stay of proceedings in this Court, stating that they were awaiting a state court order regarding custody of the children which was anticipated to be entered shortly. The Magistrate Judge entered an order staying proceedings for 45 days. (ECF No. 43, Order Staying Proceedings.)

On December 16, 2021, Wayne County Circuit Court Judge Charlene M. Elder issued an order directing Benjamin to bring the children to court so Cornelia could return to Germany with the children in accordance with a German court order

---

[1] Because Petitioner and Respondent share the same last name, the Court will refer to them by their first names.

awarding Cornelia custody of the children. (ECF No. 48-3; ECF No. 49-5.) This proceeding resulted in the children's return to Germany.

On January 5, 2022, Cornelia moved to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2). (ECF No. 45, Pet.'s Mot.) Cornelia argued that the petition is now moot because the children have been returned to Germany in accordance with the state court's ruling. On January 21, 2022, Benjamin filed a Response in opposition to the motion to dismiss (ECF No. 48, Resp.'s Response), and Cornelia filed a Reply brief in support of her motion on January 28, 2022. (ECF No. 49, Pet.'s Reply.)

On March 15, 2022, Magistrate Judge Altman issued her Report and Recommendation, recommending that Petitioner's motion to dismiss be granted, and that this matter be dismissed with prejudice. (ECF No. 50, Report and Recommendation.) Magistrate Judge Altman explained that the only relief available under the Hague Convention petition filed in this case is return of the children to Germany, and because this relief has already been affected outside of this Court, the petition is moot. Benjamin, as the respondent, cannot obtain return of the children to the United States by continuing to litigate Cornelia's petition.

On March 30, 2022, Respondent Benjamin Lorenz submitted a letter to the Court objecting to the Report and Recommendation. (ECF No. 52, Resp.'s Obj.;

4

ECF No. 51, Exhibits.)[2] Respondent asks the Court to reconsider the dismissal "in the name of justice" and assign a hearing date for trial.

On April 12, 2022, Petitioner Cornelia Lorenz filed a Response to Respondent's objection. (ECF No. 54, Pet.'s Resp.) Petitioner argues that Respondent's objections are not sufficiently specific to warrant review, and that his letter is instead a general plea that this Court "reconsider" the recommended dismissal. Petitioner further argues that Respondent's objections must be rejected to the extent they raise new issues that were not addressed in the briefing regarding Petitioner's motion to dismiss.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties

---

[2] Respondent states that he submitted the letter to the Court "after [his] current counsel suggested [he] do so." (ECF No. 52, pageID.632.) Respondent's counsel subsequently formerly withdrew from this matter on April 6, 2022. (ECF No. 53.)

5

have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

Respondent's letter objection fails to state any specific objections to the Magistrate Judge's Report and Recommendation or demonstrate how the Magistrate Judge's recommendation was erroneous. The Report and Recommendation expressly discussed the standards regarding Objections pursuant to Fed. R. Civ. P. 72(b)(2) and E.D. Mich. Local Rule 72.1(d), and required that "[a]ny objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' etc." and "must recite

precisely the provision of this Report and Recommendation to which it pertains." (Report and Recommendation at pp. 14-15, PageID.577-78.) Respondent's letter objection does not follow these requirements, but instead is in the form of a generalized disagreement with the Magistrate Judge's recommendation and a request to reconsider the Magistrate Judge's decision "in the name of justice." The letter objection fails to include any developed argument or cite to any legal authority holding contrary to the conclusions reached by the Magistrate Judge, and fails to identify any specific factual issues the Magistrate Judge allegedly determined in error in the Report and Recommendation.

It is well settled in the Sixth Circuit that "merely express[ing] a general disagreement with the magistrate judge's legal analysis," is not sufficient to preserve objections to a magistrate judge's recommendation. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object, and an objection that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)) (quotations omitted). "[F]ailure to file specific objections to a magistrate [judge's] report constitutes a waiver of those objections,

7

and the Court is not required to conduct a de novo review of the issues addressed by the magistrate judge." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

By failing to identify any discrete issues or present any developed factual or legal basis in support of his general "objection," Respondent has waived any objection to the substantive analysis of the Magistrate Judge's Report and Recommendation. Respondent has not advanced a sufficient ground for determination that the Magistrate Judge erred in her findings of fact or law. Therefore, Respondent has waived any further challenge to the Magistrate Judge's substantive analysis which, so far as the record shows and the case law on point hold, was well reasoned and correct as a matter of fact and law.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) **OVERRULES** Respondent's Objections (ECF No. 52);

(2) **ADOPTS** Magistrate Judge Altman's March 16, 2022 Report and Recommendation on Motion to Dismiss (ECF No. 50);

(3) **GRANTS** Petitioner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 42(a)(1) (ECF No. 45); and

(4) **DISMISSES** this case **WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: April 20, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge